## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. F00-00074-DMD<br><br>DELMER M. ACKELS and GAIL E. ACKELS,<br><br>        Debtors. | Chapter 7<br><br>**Filed On<br>9/30/09** |
| DEL ACKELS and GAIL ACKELS,<br><br>        Plaintiffs,<br><br>v.<br><br>GOLDRICH MINING COMPANY,<br><br>        Defendant. | Adversary No. F09-90014-DMD |

### MEMORANDUM REGARDING MOTION TO DISMISS

Disgruntled state court litigants Del and Gail Ackels have filed an adversary complaint alleging a violation of the discharge injunction by Goldrich Mining Company. Because the Ackels' discharge only applies to debts arising before February 1, 2000, defendant Goldrich's motion to dismiss, which this court will treat as a motion for summary judgment, will be granted.

The Ackels filed a chapter 7 petition on February 1, 2000. They listed Goldrich's predecessor, Little Squaw Gold Mining Company ("Little Squaw"), as a creditor. They scheduled stock in Gold Dust Mines, Incorporated ("Gold Dust"), as an asset with no value. They also listed a mineral lease with Little Squaw on their schedules, even though this

lease was between Little Squaw and Gold Dust. Del Ackels had personally guaranteed Gold Dust's performance to Little Squaw.

The Ackels' discharge was entered May 19, 2000. Almost seven years later, in February of 2007, Little Squaw filed a complaint in Fairbanks Superior Court against the Ackels and Gold Dust seeking several kinds of relief. Little Squaw sought to quiet title to certain mining claims, the ejectment of Gold Dust and the Ackels from its mining claims, and damages for trespass and conversion. Little Squaw also sought to pierce the corporate veil of Gold Dust. Although Little Squaw's first amended complaint referred to both the mining lease with Gold Dust and Del Ackels' personal guarantee, the conduct for which Little Squaw sought damages and quiet title relief occurred primarily post-petition.[1]

In their answer to Little Squaw's complaint, the Ackels stated that they had "received a bankruptcy discharge in May 2000, barring all claims pre-existing that date."[2] However, Del Ackels and Gold Dust also filed a counterclaim against Little Squaw, seeking to quiet title to the disputed mining claims in Ackels, individually, and damages.[3]

The impact of the Ackels' bankruptcy discharge on Little Squaw's claims was extensively litigated in the state court action. The Ackels and Gold Dust moved for summary judgment, contending that the chapter 7 discharge barred certain counts of Little Squaw's

---

[1] Goldrich's Mem. in Supp. of Mot. to Dismiss, filed Jul. 6, 2009 (Docket No. 11), Ex. I.

[2] *Id.*, Ex. J at 8.

[3] *Id.*, Ex. J at 10.

2

first amended complaint, including the counts for trespass, conversion of gold, conversion of information, conversion of personal property and breach of Del Ackels' personal guarantee.[4] The state court granted partial summary judgment to the Ackels on one issue only, finding that the chapter 7 discharge had extinguished the personal guarantee Del Ackels executed in 1989.[5] The state court further held that the Ackels' personal bankruptcy did not bar Little Squaw's claims against Gold Dust.[6] Nor did the discharge bar Little Squaw's claims against the Ackels, individually, which arose after the discharge was entered.[7]

The state court's rulings with regard to the scope of the Ackels' discharge were proper. A chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief under this chapter."[8] Further, the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor."[9] "Such debt" means a debt arising before the order for relief.[10]

---

[4] *Id.*, Ex. K at 2.

[5] Goldrich's Mem. in Supp. of Mot. to Dismiss (Docket No. 11), Ex. K at 8.

[6] *Id.* at 5.

[7] *Id.* at 6.

[8] 11 U.S.C. § 727(b).

[9] 11 U.S.C. § 524(a)(2).

[10] *See* 11 U.S.C. § 524(a)(1), which references debts "discharged under section 727." As noted above, debts discharged under § 727 are those arising before the "order for relief."

3

In a voluntary bankruptcy case, the "order for relief" occurs when the bankruptcy petition is filed.[11]  In the Ackels' case, the order for relief was entered on February 1, 2000, when their chapter 7 petition was filed.  The Ackels' personal liability to Little Squaw for any claims arising before this date were discharged in their bankruptcy.  However, the state superior court correctly found that the Ackels could be held responsible to Little Squaw for their conduct after that date.  Both Little Squaw *and* the Ackels asserted claims against each other for events and conduct occurring after February 1, 2000.  There is no basis for finding Little Squaw in contempt of the § 524(a)(2) injunction under such circumstances.

Moreover, it is odd for a party to engage in heated litigation at the state court level for more than two years before coming to this court to seek relief for violation of a discharge injunction.  The state court action proceeded to trial.  After a jury verdict in Little Squaw's favor, the state court entered a judgment awarding Little Squaw $2,000.00 in damages and quieting title to the disputed mining claims in Little Squaw's favor. The Ackels petitioned for expedited review with the state supreme court, again raising the issue of their bankruptcy discharge. When their request for expedited review was denied, the Ackels filed an appeal which is now pending before the Alaska Supreme Court.

---

[11] A voluntary bankruptcy case is "commenced" when the debtor files a petition, and "[t]he commencement of a voluntary case under a chapter [of Title 11] constitutes an order for relief under such chapter." 11 U.S.C. § 301.

4

The Ackels reopened their bankruptcy case in May, 2009, and initiated this adversary proceeding against Little Squaw. They have labeled their complaint as one for contempt, but that label is misleading. Their prayer for relief seeks compensatory damages of $560,000.00, not for violation of the discharge injunction but for the amounts of money they have expended in their post-petition mining efforts.[12] The Ackels also pray that "all mining claims be reinstated into the Ackels [sic] names."[13] These are not appropriate damages for a violation of the discharge injunction.[14] Rather, it appears to this court that the Ackels are forum-shopping very late in the game.

Finally, the issues of damages and quiet title have been fully adjudicated by the state superior court and a final judgment has been entered. "The doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered final judgment on the merits of the claim in a previous action involving the same parties or their privies."[15] The Ackels

---

[12] Pls.' Compl., filed May 4, 2009 (Docket No. 1), at 3.

[13] *Id.*

[14] Appropriate damages for violation of the discharge injunction include costs and reasonable attorney's fees incurred by a debtor in seeking to set aside the offending conduct. *See Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1195 (9th Cir. 2003); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002).

[15] *Davis v. Yageo Corp.*, 481 F.3d 661, 680 (9th Cir. 2007), *citing Robertson v. Isomedix, Inc. (In re Int'l Nutronics, Inc.)*, 28 F.3d 965, 969 (9th Cir. 1994); *see also Mogg v. Nat'l Bank of Alaska,* 846 P.2d 806, 809 (Alaska 1993) ("Res judicata provides that a final judgment on the merits is conclusive as to the rights of the parties involved, and as to those parties, constitutes an absolute bar to a subsequent action

5

can't simply re-label their dispute with Goldrich as a contempt action and receive a new trial on the merits. Their action is barred.

For the foregoing reasons, Goldrich Mining Company's motion to dismiss will be granted. However, because matters outside the pleadings were presented to the court, the court must treat the motion as one for summary judgment under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(d). Summary judgment will therefore be entered in favor of the defendant. The Ackels' complaint for contempt will be dismissed, with prejudice. Each party will bear its own attorney's fees and costs.

DATED: September 30, 2009.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  J. Gazewood, Esq. (for plaintiffs)
        A. Tinker Bray, Esq. (for defendant)
        Cheryl Rapp, Adv. Case Mgr.

        09/30/09

---

involving the same claim.").